**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7540**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

LESTER FLETCHER, a/k/a Big Mann,

               Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, Senior District
Judge.  (8:05-cr-00179-PJM-1)

Submitted: August 20, 2015      Decided: September 4, 2015

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Lester Fletcher, Appellant Pro Se.  David Ira Salem, Gina Simms,
Assistant United States Attorneys, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lester Fletcher appeals the district court's margin orders denying relief on his self-styled "motion for reconsideration and for summary judgment" ("reconsideration motion"), and denying his motion to recuse. We find that Fletcher's motion to recuse did not establish judicial bias by the district court and, thus, we affirm the district court's order. United States v. Fletcher, No. 8:05-cr-00179-PJM-1 (D. Md. filed Aug. 14, 2015; entered Aug. 15, 2015).

In the reconsideration motion,* Fletcher asked the district court to reconsider its previous order denying his motion to dismiss as a successive and unauthorized 28 U.S.C. § 2255 (2012) motion. In particular, Fletcher asserted that the district court exhibited bias against him when it granted the Government additional time to respond to the motion to dismiss and failed to notify Fletcher of the extension of time. Fletcher also asserted that the indictment against him should have been dismissed by the district court and that, because his motion to dismiss challenged the district court's jurisdiction over him, the district court erroneously construed the motion to dismiss as a successive habeas motion.

---

* Because Fletcher's motion was filed more than 28 days after the court's order, it is properly construed as a Fed. R. Civ. P. 60(b) motion, rather than a Fed. R. Civ. P. 59(e) motion. See Fed. R. Civ. P. 59(e).

2

Fletcher's reconsideration motion asserted both a proper Rule 60(b) claim (i.e., district court bias in the handling of his motion to dismiss), as well as a successive habeas claim (i.e., whether the district court had jurisdiction over his criminal action). We have made clear that "[w]hen [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). Fletcher was not given that opportunity here.

In this case, however, it is apparent that Fletcher's proper 60(b) claim is meritless and the district court already ruled as such when it denied Fletcher's motion to recuse. Because Fletcher cannot establish the prerequisites for a certificate of appealability, we deny a certificate of appealability and dismiss the appeal, in part, as to the district court's order denying Fletcher's reconsideration motion. See Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). Because we find that the district court lacked jurisdiction to consider the successive habeas claim in Fletcher's reconsideration motion, we affirm the order, in part.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
